UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANKLIN JOHNSON,<br>      Petitioner,<br><br>v.<br><br>LUIS PEREZ, et al.,<br>      Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:    PRISONER<br>:    CASE NO. 3:08-cv-1411 (VLB) |

# ORDER

Petitioner, currently residing at Connecticut Valley Hospital[1] in Middletown, Connecticut, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges an October 2007 conviction for criminal trespass.

A prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a

---

[1]Johnson attaches to his petition documents showing that, in 2003, he was involuntarily committed to Connecticut Valley Hospital by the Connecticut Probate Court and was appointed a conservator of the person and estate. He provides no information regarding his current status, other than stating he currently resides at Connecticut Valley Hospital.

consecutive sentence imposed at the same time as the conviction or sentence under attack.  See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

Johnson challenges an October 2007 conviction for criminal trespass in the Connecticut Superior Court for Geographical Area 21, Norwich, on grounds of double jeopardy, misrepresentation of counsel, conviction based on evidence obtained pursuant to an unlawful arrest, and denial of his right to appeal.  Pet. at 9.  He states that he received a sentence of one year, the maximum permitted under the statute.  Id. at 2.

The court may take judicial notice of matters of public record, such as decisions and documents filed in related litigation between the parties.  See Shuttltesworth v. City of Birmingham, 394 U.S. 147, 157 (1969) (taking judicial notice of documents in another case before the Supreme Court involving the petitioner); Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (noting that court may take judicial notice of the actions taken in related proceedings "to establish the fact of such litigation and related filings").  The court takes judicial notice of the case detail available for Johnson's criminal case on the Connecticut Judicial Branch website and the inmate records available on the Connecticut Department of Correction website.

On August 15, 2007, Johnson was arrested for criminal trespass in the first degree.  On October 30, 2007, at sentencing, he was unconditionally discharged.  See Case No. K21N-CR07-0102078-S at www.jud2.ct.gov/crdockets (last visited September 29. 2008).  Johnson references an "institutional number" in his

petition. There is no reference to Johnson, either by name or this number, on the Department of Correction website as a person in the custody of the Connecticut Department of Correction.

In the absence of any Department of Correction records and in consideration of the fact that Johnson was unconditionally discharged in October 2007, the court cannot determine how Johnson satisfies the "in custody" requirement. Johnson is directed to demonstrate how he presently is in custody pursuant to the conviction for criminal trespass. Johnson shall file his response within twenty (20) days from the date of this order. Failure to comply with this order will result in the dismissal of the petition for failure to satisfy the "in custody" requirement.

                            IT IS SO ORDERED.

                            /s/
                          Vanessa L. Bryant
                          United States District Judge

Dated at Hartford, Connecticut this 13th day of November 2008.